Leibensperger, Edward P., J.
These cases present disputes between a general partner and investor limited partners. The disputes arise with respect to four separate limited partnership agreements for the development of real property. The general partner entity for each of the projects was owned and managed by Dale Lancaster. Thus, the general partners will be called, collectively, the “Lancaster General Partners.” The investor limited partners for each project were organized by Boston Financial Investment Management Limited Partnership (“BFIM”). Thus, the investor limited partners will be called, collectively, the “BFIM Limited Partners.”
The litigation began with the commencement of an action by the BFIM Limited Partners against Dale Lancaster for nonpayment of amounts owed as a result of his personal guarantees of debts owed by the Lancaster General Partners. That action is the Lead Case, described above. The BFIM Limited Partners describe the Lead Case as a collection action.
In response, Dale Lancaster and the Lancaster General Partners commenced a separate action against the BFIM Limited Partners and BFIM. Among other things, the Lancaster General Partners allege that they were wrongfully removed as general partners of the projects by the BFIM Limited Partners. The separate- action is Docket Number 1684CV1830 which, as described above, is now consolidated (the “Consolidated Case”) with the Lead Case.
*51 The BFIM Limited Partners now seek to dismiss the First Amended Complaint filed in the Consolidated Case. The BFIM Limited Partners base their motion on two arguments, one procedural and one substantive.
Procedural Ground for Motion to Dismiss
The BFIM Limited Partners contend that the claims in the First Amended Complaint should have been asserted as counterclaims in the Lead Case rather than in a new action (that later became consolidated with the Lead Case). Because the claims were not asserted as counterclaims in the Lead Case, the BFIM Limited Partners say that the claims are barred.
The critical dates are as follows. On February 19, 2016, the BFIM Limited Partners commenced the Lead Case. On March 31, 2016, Dale Lancaster answered the complaint. He did not assert any counterclaims with his answer. On June 10, 2016, the Lancaster General Partners and Dale Lancaster commenced the Consolidated Case. On June 27, 2016, Dale Lancaster moved to consolidate the Consolidated Case with the Lead Case, and on June 29, 2016, the consolidation was allowed.
The claims asserted in the Consolidated Case arise out of the transaction or occurrence that was the subject matter of the Lead Case complaint. Accordingly, the claims in the Consolidated Case were compulsory counterclaims, at least as to Dale Lancaster (the only defendant in the Lead Case), that should have been asserted in the Lead Case. The BFIM Limited Partners therefore rely on the maxim that failure to plead a compulsory counterclaim bars a party from bringing a later independent action on that claim. Keystone Freight Corp. v. Bartlett Consolidated, Inc., 77 Mass.App.Ct. 304, 309-10 (2010).
In the temporal context presented here, BFIM Limited Partners’ argument exalts form over substance. Mass.R.Civ.P. 13(f) allows a party to assert an untimely counterclaim when “through oversight, inadvertence, or excusable neglect, or when justice requires” the parly failed to plead a counterclaim at the time of the answer. While Dale Lancaster failed to plead a counterclaim in the Lead Case, he asserted the counterclaim in the Consolidated Case within approximately 70 days, and then immediately moved to consolidate the two cases. In substance, the motion to consolidate acted as a motion to be allowed to file a counterclaim late. The BFIM Limited Partners joined the motion to consolidate. Stated another way, had Dale Lancaster moved to file a late counterclaim in the Lead Case, it would have been allowed because (a) the motion would have been timely made, (b) it was excusable for Lancaster not to file the counterclaim given that the other Lancaster General Partners and BFIM were not parties in the Lead Case, (c) there was no unfair prejudice to the BFIM Limited Partners, and (d) justice requires the case to be decided on "the merits rather than on a procedural technicality. Diversified Mortgage Investors v. Viking General Corp., 16 Mass.App.Ct. 142, 151 (1983) (“in the administration of rules like rule 13(a), there must be reasonable flexibility in order to accomplish the fundamental purpose of combining related claims in one action in the interest of judicial economy while at the same time accomplishing a just result”). Dale Lancaster’s prompt motion to consolidate the two cases put the parties in the same position as if he had moved to file a counterclaim late in the Lead Case. Consequently, the BFIM Limited Partners’ motion to dismiss the First Amended Complaint in the Consolidated Case on procedural grounds fails.[1]
Substantive Grounds for Motion to Dismiss
The BFIM Limited Partners move to dismiss the First Amended Complaint in the Consolidated Case on the ground that it fails to state a claim upon which relief may be granted. Mass.R.Civ.P. 12(b)(6). To survive a motion to dismiss, a complaint must set forth the basis for the plaintiffs entitlement to relief with “more than labels and conclusions.” Iannacchino v. Ford Motor Co., 451 Mass. 623, 636, quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). At the pleading stage, Mass.R.Civ.P. 12(b)(6) requires that the complaint set forth “factual ‘allegations plausibly suggesting (not merely consistent with)’ an entitlement to relief . . .” Id., quoting Bell Atl. Corp., 550 U.S. at 557. The court must, however, accept as true the allegations of the complaint and draw every reasonable inference in favor of the plaintiff. Curtis v. Herb Chambers I-95, Inc., 458 Mass. 674, 676 (2011).
Each count of the First Amended Complaint (Counts I through XII) is based on the claim that the BFIM Limited Partners breached the respective Limited Partnership Agreement applicable to one of the four real estate projects and that BFIM tortiously interfered with the contracts. The Lancaster General Partners allege that, in breach of the Limited Partnership Agreements, the BFIM Limited Partners exercised, without justification, authority in the contracts to remove and replace the general partners. The BFIM Limited Partners then installed BFIM affiliates as general partners for each of the four projects. The Lancaster General Partners and affiliates allege that they are owed money as a result of the wrongful removal.
The First Amended Complaint follows a similar pattern for each of the projects. The Limited Partnership Agreements are attached. It is alleged that the general partner had the exclusive right to manage the business of the partnership and that the limited partners had the authority to remove the general partner only if there had been a “Material Default” (a term defined in the agreements) by the general partner that had not been cured within an applicable time period. Then, the First Amended Complaint alleges that (a) the general partner fully performed its obligations, (b) there was no default, (c) the grounds stated in the notice of default were not valid, and (d) the removal of the general partner was improper and in breach of the *52 Limited Partnership Agreement. The First Amended Complaint provides factual details for each of those propositions that, if taken as true, plainly state a claim for breach of contract. Likewise, the First Amended Complaint provides facts to support a claim that BFIM induced the limited partners to take the action improperly to remove the general partner in order to replace the general partner with a BFIM affiliate.
In their motion to dismiss, the BFIM Limited Partners engage in argument over the facts concerning whether the general partners were in default. In large part, the disputed facts relate to whether the general partners had the obligation to fund expenses of the limited partnerships at the time when the limited partners claim they did but failed to do so. This issue is also fact sensitive. It turns on whether certain milestone events occurred that arguably relieved the general partners of a funding obligation. Resolution of these disputes cannot be obtained on a motion to dismiss, especially when all of the general partners’ statements of fact in the First Amended Complaint must be taken as true.
CONCLUSION
For the reasons stated above, Defendants’ Motion to Dismiss the First Amended Complaint (in No. 1684CV1830, the Consolidated Case) is DENIED.

 Because I find that Dale Lancaster is not barred from proceeding with the First Amended Complaint for failure to assert a counterclaim, it necessarily follows that the other Lancaster affiliated plaintiffs in tire Consolidated Case may proceed. The BFIM Limited Partners argue that the Lancaster affiliates are “functional equivalents” of Dale Lancaster and that they too should be barred because Dale Lancaster did not file a timely counterclaim. I do not need to decide whether the “functional equivalent” argument is valid.